## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br><br>        v.<br><br>CARLOS RAMOS<br>    Defendant. | CRIMINAL NO. 98-220(JAF) |

### MOTION REQUESTING DISMISSAL OF REVOCATION PROCEEDINGS

TO THE HONORABLE
**JOSE ANTONIO FUSTE**
UNITED STATES CHIEF JUDGE
FOR THE DISTRICT OF PUERTO RICO

**COMES NOW** defendant Carlos Ramos ("defendant Ramos"), represented by the Federal Public Defender for the District of Puerto Rico, through the undersigned counsel, and before this Honorable Court ("the Court") respectfully alleges and prays as follows:

PROCEDURAL HISTORY OF CASE

1. On April 23, 2001, Ramos was sentence to 72 months of imprisonment and a 4 yr supervised release term.

2. According to USPO Villega's "Motion Notifying Violations of Supervised Release Conditions and Request the Issuance of an Arrest Warrant" (D.E. #208) on April 12, 2006 Ramos was released from confinement and commenced supervision in the Middle District of Florida.

U.S. V. CARLOS E. RAMOS                                                                PAGE 2
CRIMINAL NO. 98-220(JAF)

3.  She also sates that according to USPO DeCarlos Sheppard, all Ramos violations began on September 7, 2006 with an alleged criminal conduct and a later absconding.

4.  On October 23, 2006, over one month after the alleged violations, DeCarlos Shepard notified USPO Villegas of the violations.

5.  On November 20, 2006 almost one month after DeCarlos Shepard notification, USPO Villegas filed the notice with the Court.

6.  On February 1, 2007, Ramos was arrested in Orlando Florida (D.E. # 211).

7.  On February 2, 2007 he was promptly taken before Magistrate Judge Spaulding where he waived the Identity Hearing and was ordered removed to the Puerto Rico District (D.E. #211)

8.  On March 12, 2007, he appeared for an initial appearance before Magistrate Judge Vélez who ordered his detention pending revocation proceedings. No Preliminary hearing was held at that time.(D.E. # 213)

## RELIEF SOUGHT

9.  Ramos moves the Court, pursuant to Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure, for the DISMISSAL of the revocation proceedings based on the 1- unreasonable delay after Ramos apprehension to hold the preliminary hearing on the alleged violations, 2- unreasonable delay after Ramos' apprehension to hold the final revocation hearing; the reinstatement of the supervised release term and the return of Ramos to the place where he was arrested.

U.S. V. CARLOS E. RAMOS                                                                                    PAGE 3
CRIMINAL NO. 98-220(JAF)

## FACTUAL AND LEGAL BASES

10. Rule 32.1(a)(1) of the Rules of Criminal Procedure, establishes the procedure to be followed for revocation or modification of probation or supervised release. When a person is arrested for violating the condition of his supervised release term he must be taken without unnecessary delay before a Magistrate Judge and an initial appearance must be held. If the person is arrested in another district (Not the one with jurisdiction to conduct the revocation hearing), the person must be transferred to the district that has jurisdiction to preside over the mater.(Rule 32.1(a)(5)

11. Once the person arrives at the district with jurisdiction over the revocation proceedings, the magistrate must "promptly conduct a hearing to determine wether there is probable cause to believe that the violation occurred". R. 32.1(b)(1)(A) and (a)(4).

12. If the magistrate judge finds probable cause, the final revocation hearing must be conducted within a reasonable time. R 32.1(b)(2).

13. "Rule 32.1 exists to protect the probationer or supervised releasee from undue federal incarceration and to protect the probationer or supervised releasee's ability to defend the violation allegations" US v. Pardue, 363 F.3d. 695, 698 (8th Cir. 2004)

14. Ramos' alleged violations occurred in September 2006. The same were notified to USPO Villegas one month and a half after they occurred.

U.S. v. Carlos E. Ramos                                                                                             Page 4
Criminal No. 98-220(JAF)

15. USPO Villegas did not file the motion advising the Court of the violations until one additional month later.

16. Once under custody in Florida on February 2, 2007, the time constraint of the rule were not followed. He was brought before magistrate Judge Vélez-Rive on March 12, 2007, **37** days after being detained in Florida.

17. As of this day **105** days have passed where Ramos has been detained without a probable cause determination as to if he violated the conditions of his supervised release term. R. 32.1(b)(1)(A) and (a)(4)

18. During the past 3 months Ramos has been detained without any determination, be it preliminary or final as to if he violated in any way the conditions of his supervised release term.

19. Ramos has been prejudiced by the delay in that he has been detained for the past 3 months in that the passing of time has substantially affected his ability to defend himself against the violation allegations.

**CONCLUSION**

20. In light of the unreasonable delay of one month between when Ramos was arrested and when he was brought to the presence of Magistrate Judge Vélez-Rive for the Initial appearance and the unreasonable day from his arrest until the present time where 3 months have elapsed without any determination whatsoever, be it preliminary or final, at to the alleged violations, Ramos moves for a dismissal and that he may return to complete the term of supervised release imposed by sentence of this Court.

| | |
|---|---:|
| U.S. v. CARLOS E. RAMOS<br>CRIMINAL NO. 98-220(JAF) | PAGE 5 |

**WHEREFORE**, the Federal Public Defender respectfully requests that this Honorable Court take note of the present information, grant the present motion and in consequence dismiss the present revocation proceedings and order that defendant be released from custody immediately and taken to the place where he was arrested.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED**
In San Juan, Puerto Rico, this 18th day of May, 2007.

> **JOSEPH C. LAWS, JR**
> **Federal Public Defender**
> **District of Puerto Rico**
> *S/Yasmin A. Irizarry*
> YASMIN A. IRIZARRY
> **USDC-PR 213505**
> **A.F.P.D. for Defendant**
> **241 Franklin D. Roosevelt Avenue**
> **Hato Rey, PR  00918-2441**
> **Tel. (787) 281-4922 / Fax (787) 281-4899**
> E-mail : yasmin_irizarry@fd.org